Fulton, J.
(orally).
This is a petition for mandamus. I will read the petition. It is short:
“On the 29th day of December, 1913, the relator was duly appointed to the office and position of a patrolman on the police force of the city of Newark, Ohio, to serve during good behavior, and until removed therefrom for ineompetency, inefficiency, drunkenness, immoral conduct, insubordination, neglect of duty or other cause.
“The salary of said office or position was fixed by law so as to entitle the relator to receive for services rendered as such patrolman, in the year 1916, the sum of $80 per month.
“The relator held said office and position under said appointment and discharged the duties thereof until the 30th day of March, 1916, at which time, without any cause being assigned, and without any cause existing therefor, the said respondent, acting as safety director of said city, and holding said office by appointment duly made by the mayor of said city, arbitrarily compelled the relator to surrender his mace and badge, and to desist and quit acting as such patrolman, and to cease perform *114 ing the duties thereof, to all of which the relator objected and protested.
“The relator further says that on the 4th day of April, 1916, the said respondent, for the unlawful purpose and ijatent and without the exercise of any discretion on his part, and without any lawful right to exercise any discretion as to said matter, attempted to and did appoint one John Jones in the place of the 'relator, who was and is lawfully entitled to have and to hold said position, intending thereby to avoid his duty to permit the relator to perform the duties as patrolman of said city and to receive compensation as such.
> .“During all of said time the relator was ready, willing and anxious to continue serving said city as such patrolman, all of which was made known- to said respondent, and all of which he. well .knew. During 'all-of the time since the attempt was made by said Respondent, as aforesaid, to discharge the relator from said office and position, the said city and the police department thereof w,as short for the services of three patrolmen whose, services .were necessary to the good government thereof.
“At the time your relator was removed as aforesaid from said office and position, he was the eleventh man, or patrolman under and by virtue of the ordinances of said city, and was then and ever since has been entitled by virtue of said appointment and .said ordinance to hold and enjoy said office and to perform the duties thereof and to receive said compensation for the performance of said duties.
“The action of said respondent, as aforesaid, was illegal and contrary to the statutes of Ohio, and to the ordinances of said city, by reason of the matters aforesaid, and because of the facts that the relator was not removed as aforesaid for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination,., discourteous treatment of the public, neglect of duty, or for'any other cause whatever, neither has he become disqualified; ineligible; or incapable of holding said position. ' -'
. “Wherefore the relator prays that a writ of mandamus issue hut'oí this.court requiring the respondent to show cause why he should not restore the relator to said office and position; and to permit him- to continue to serve said city as such officer and patrolman; and the relator further prays that said respondent be commanded to restore to the relator his patrolman badge and Mace and to restore him-to said office and position.” '.
To this petition a general demurrer is filed.
Now comes the respondent and. demurs to the petition and application for a writ of mandamus for the following reasons:
*115 1. That this court has no jurisdiction of the subject of the action.
2. ' Because it is not alleged, nor does it appear in said petition, that the relator has not an adequate remedy at law.
The demurrer admits everything that is well pleaded in the petition. It admits every fact' that is stated in the petition. The question is now whether that petition on its face states facts which require the court to take any action in the matter. The statutes have been changed somewhat, and the latest statute governing this subject is in 105 and 106 Ohio Laws, and it reads as follows:
“The tenure of every officer, employee or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a-position under the provisions of this act, shall be during good behavior and efficient service, but any such officer, employee or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance, in office.
“In all cases of removal the appointing authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee or subordinate shall be filed with the commission. Any such employee or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority.”
The act, it will be noticed, has been considerably changed, and it makes the duty of the removing officer different from what it was. The removing officer must furnish the man with the charges upon which he has been removed, and he can not remove him for any other cause, as the court understands it, except for the causes that are set down here as causes for removal. . Now, when he is removed for any of the causes set down in this law, any such employee or subordinate so removed may appeal j that is, removed *116 for any of- the causes set forth in the foregoing- statute. It enumerates the causes for which he can be removed. Then he has the right to- appeal. This statute does not seem to give him any right to appeal except for such causes. The demurrer raises the question whether he had a right to appeal. The court does not think that he had. 'This petition states that he was removed without any cause at all; that there ivas none stated. His mace was simply taken from him and his badge of office, and he was told to go. The director did not comply with the statute. The statute says that he must furnish him with a statement of the reasons for his removal — if it was incompetency, drunkenness, or whatever it may have been; he is to give him that in writing, and then he is to have the right to explain; if there is any.explanation he can go and try to explain it. That-is the statute. The present statute is different from the old statute in those respects.
I do not think the demurrer is well taken. This petition states -the case so broadly and the demurrer admits the facts stated in the petition, and if the facts are as stated, this man certainly has a rémedy here, and the demurrer will be overruled and the respondent may have any length of time he desires to take further steps in this matter.